IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DRELIJAH J. MUHAMMAD, a/k/a MARCUS
   O. TATE/TAITE, #180664                  *

Plaintiff                                                   *

v                                                      *      Civil Action No. ELH-15-3969

SOCIAL SECURITY ADMINISTRATION      *
INSURANCE CORP PROCEEDS BONDS,
   ESTATES, TRUSTS, XYZ                   *

Defendants                                    *
                                                           ***

**MEMORANDUM**

Plaintiff, a self-represented litigant who is housed in an Alabama state prison, filed the above captioned case on December 28, 2015.  *See* ECF 1.  He has not paid the filing fee, nor has he submitted an affidavit and motion seeking in forma pauperis status.  Because the Complaint fails to state a claim upon which relief may be granted, plaintiff will not be required to correct the filing fee deficiency.

The Complaint is not a model of clarity.  *See* ECF 1.  Read broadly, it appears to contain a diatribe concerning plaintiff's disgruntlement with his assignment of a social security number and birth certificate.  The assertions consist of legal conclusions that are based on the kind of rhetoric espoused by various anti-government groups such as the Moorish Americans, Sovereign Citizens, and the Flesh and Blood movement.  *Id.*

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  And, Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct."  A plaintiff must do more than make conclusory assertions in order to state a claim.  A complaint

must contain sufficient factual information to put defendants on notice of their alleged wrongdoing.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In addition, a complaint must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To be sure, this court must liberally construe a complaint filed by a self-represented litigant.  *Erickson v. Pardus*, 551 .S. 89, 94 (2007).  But, a court is not obliged to ferret through a complaint, searching for viable claims.  District courts are not required "to conjure up questions never squarely presented to them."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  Moreover, a federal court does not act as an advocate for a self-represented litigant.  *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996).  Put another way, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in federal district court.  *See Weller v. Dept of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).  To the contrary, a court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988).

Here, the Complaint is not a "short and plain statement," nor is it "concise and direct." To the contrary, the convoluted narrative renders it incomprehensible. Indeed, it "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate" about their "defenses . . . ." *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981); *see also Spencer v. Hedges,* 838 F.2d 1210 (Table) (4th Cir. 1988).  Thus, the Complaint must be dismissed.

An Order follows.


January 4, 2016                                   _____/s/_____
Date                                              Ellen L. Hollander
                                                  United States District Judge.